IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3025 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH LAWRENCE YOUNG, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

The defendant has filed a motion "[p]ursuant to 18 U.S.C. § 3585(b)" (pertaining to credit for prior custody). The motion will be denied.

While it is hard to tease out the defendant's precise request and reasoning, I believe he wants me to run the sentence in this case concurrently with the reduced sentence I imposed in 4:05CR3027 (the underlying case) thereby giving him "credit for prior custody" under 18 U.S.C. § 3585(b). I believe he reasons that because I reduced his sentence in the underlying case due to the retroactive changes in the "crack" Guidelines, I should also reduce the sentence in this case.

First, 18 U.S.C. § 3585(b) provides no remedy for the defendant–that is, I do not have jurisdiction to do what defendant requests. *Cf. United States v. Johnson*, 418 F.3d 879, 880 (8th Cir. 2005) (citing *United States v. Pardue*, 363 F.3d 695, 699 (8th 2004)). Second, because the sentence in this case dealt with the defendant's failure to surrender for service of his sentence in the underlying case, I am persuaded that (1) appropriate incremental punishment by way of a consecutive sentence remains necessary and (2) the rationale for the "crack" sentence reduction in the underlying case has little or no legal or logical relationship to the rationale for the sentence I imposed in this case. As a result, even if I now had the power to consider the defendant's request, I would not grant it.

IT IS ORDERED the defendant's motion (filing no. 58) is denied.

June 5, 2012         BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge